UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

***Electronically Filed***

| | | |
|---|---|---|
| AMARI WALKER<br><br>Plaintiff<br><br>v.<br><br>JEFFERSON COUNTY BOARD OF EDUCATION d/b/a JEFFERSON COUNTY PUBLIC SCHOOLS, KEVIN WATSON, and STUART CRIPE<br><br>Defendants | ) | CIVIL ACTION NO. 3:17-CV-00022-JHM |

**JOINT REPORT OF THE PARTIES' PLANNING MEETING**

Plaintiff Amari Walker ("Plaintiff"), by counsel, Defendants Jefferson County Board of Education and Stuart Cripe ("JCBE Defendants"), by counsel, and Defendant Kevin Watson ("Watson")[1], by counsel, pursuant to Fed. R. Civ. P. 26(f) and the Court's January 19, 2017 Order [DN 8], hereby submit this Joint Report of the Parties' Planning Meeting:

1. **Attendees at Conference.** A telephonic meeting was held on **February 8, 2017** and was attended by: A. Pete Lay for Plaintiff, Byron E. Leet and Amanda Warford Edge for the JCBE Defendants, and Robert E. Stopher for Watson.

2. **Initial Disclosures.** The parties will complete the initial disclosures required by Fed. R. Civ. P. 26(a)(1) by **March 15, 2017**.

3. **Discovery Plan.** The parties jointly propose the following discovery plan:

A. Discovery will be needed on liability, damages, and immunity issues.

B. Disclosure or discovery of electronically stored information should be

[1] The JCBE Defendants and Watson are referred to collectively herein as "Defendants."

handled as follows: The parties currently anticipate that the only ESI that may contain discoverable information would be in the form of e-mails, text messages, or some other direct messaging vehicle, or social media accounts. Within 30 days of making their initial disclosures, the parties shall confer to identify the likely custodial and third-party sources of ESI and to develop a plan for producing requested ESI, including search protocols and the format in which ESI will be produced.

C. Given the nature of the claims in this case, the parties see no need for a particular agreement regarding the production of privileged or work product information. If the need to have such an agreement becomes apparent during the discovery process, the parties agree to work in good faith toward such an agreement and to seek the Magistrate's assistance if necessary.

D. Discovery, excluding expert witnesses, will commence on **March 15, 2017** and will be completed by **November 15, 2017**.

E. The parties agree that the limits on interrogatories and depositions, both as to time limitations and the number of depositions that may be taken by any party, contained in the Federal Rules of Civil Procedure shall govern discovery in this case.

F. Reports from retained experts under Rule 26(a)(2) are due:

[1] from the Plaintiff by **December 15, 2017**;

[2] from the Defendants by **January 15, 2018**;

[3] Discovery of experts will be completed by **March 15, 2018**.

G. The parties shall be under a continuing duty to supplement their discovery responses whenever reasonably appropriate and in conformity with the requirements of Fed. R. Civ. P. 26(e).

4. **Other Items.**

A. The parties will move to join additional parties or to amend pleadings by **September 30, 2017**.

B. Dispositive motions will be filed by **April 16, 2018**.

C. Exhibit and final witness lists will be filed forty-five (45) days before trial. The parties should have 10 days after service of the final exhibit and witness lists to make any objections under Rule 26(a)(3).

D. The parties do not request a pretrial conference at this time.

E. The parties likely will not be in a position to evaluate settlement until at or near the completion of discovery. The parties will contact the Magistrate if they believe the parties would benefit from a settlement conference.

F. The case should be ready for trial ninety (90) days following the Court's rulings on any motions for summary judgment and currently is expected to last four or five days.

This, the 10th day of February, 2017.

Respectfully submitted,

*/s/ Amanda Warford Edge*

Byron E. Leet
bleet@wyattfirm.com
Amanda Warford Edge
aedge@wyattfirm.com
WYATT, TARRANT & COMBS, LLP
500 West Jefferson Street, Suite 2800
Louisville, Kentucky 40202-2898
502.589.5235
***Counsel for Defendants Jefferson County Board of Education and Stuart Cripe***

*/s/ A. Pete Lay (with permission)*
Thomas E. Clay
A. Pete Lay
CLAY DANIEL WALTON & ADAMS PLC
462 S. Fourth Avenue, Suite 101
Louisville, KY 40202
tclay@tclaylaw.com
pete@justiceky.com
***Counsel for Plaintiff, Amari Walker***

*/s/ Robert E. Stopher (with permission)*
Robert E. Stopher
BOEHL STOPHER & GRAVES, LLP
400 W. Market Street, Suite 2300
Louisville, KY 40202
rstopher@bsg-law.com
***Counsel for Defendant, Kevin Watson***

**CERTIFICATE OF SERVICE**

I hereby certify that on the 10th day of February, 2017, I electronically filed the foregoing Joint Report with the Clerk of the Court by using the CM/ECF system, which will send notice of electronic filing to the following:

Thomas E. Clay
A. Pete Lay
CLAY DANIEL WALTON & ADAMS PLC
462 S. Fourth Avenue, Suite 101
Louisville, KY 40202
tclay@tclaylaw.com
pete@justiceky.com
*Counsel for Plaintiff, Amari Walker*

Robert E. Stopher
BOEHL STOPHER & GRAVES, LLP
400 W. Market Street, Suite 2300
Louisville, KY 40202
rstopher@bsg-law.com
*Counsel for Defendant, Kevin Watson*

*/s/ Amanda Warford Edge*
Amanda Warford Edge